**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY WOODS<br>201 Maple Avenue<br>Frederick, Maryland | *<br>*<br>* |
| Trustee/Plaintiff | * |
| v. | *   Case No.: |
| RONALD FLOWERS<br>737 Madison Street, N.W.<br>Washington, D.C. 20011 | *<br>*<br>* |
| Defendant | * |

\*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR EJECTMENT AND OTHER RELIEF

Anthony Woods, Plaintiff and Trustee (the "Plaintiff" or "Trustee"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 8, files this Complaint for Ejectment and Other Relief against Defendant, Ronald Flowers (the "Defendant" or "Flowers"), and in support thereof states as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this matter involves citizens of different states of the United States.  Specifically, the Plaintiff resides in Maryland and the Defendant lives in the District of Columbia.  Additionally, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant's lives in this district.

### Parties

3.     Plaintiff, Anthony Woods, is an adult resident of the State of Maryland residing at

201 Maple Avenue, Frederick, Maryland. He is the Trustee of The Woods-Flowers Living Trust (the "Trust"). A copy of the Trust document is attached hereto as **Exhibit 1**. Additionally, Plaintiff is a beneficiary under the Trust.

4. Defendant is an adult resident of the District of Columbia residing at 737 Madison Street, N.W, Washington, D.C. 20011. The Defendant is also a beneficiary under the Trust. The Plaintiff and Defendant are half-brothers as they are both sons of Vivian Woods-Flowers, who is deceased.

**Facts**

5. On or about September 8, 2015, Ms. Woods-Flowers established the Trust. She appointed her older son, Plaintiff, Trustee of the Trust upon her death. See **Exhibit 1** at ¶ 6.1. Ms. Woods-Flowers died on December 1, 2015.

6. Prior to her death, Ms. Woods-Flowers transferred the real property and improvements located at 737 Madison Street, N.W, Washington, D.C. 20011 (the "Property") to the Trust. A copy of the deed transferring the Property is attached hereto as **Exhibit 2**. The Property is improved by a dwelling.

7. The Property is further described as follows:

> Lot numbered Forty-four (44) in Square numbered Thirty-one Hundred Fifty-Five (3155) in a subdivision made by Alice V. Larrimore, as per plat recorded in liber 84 at folio 135, in the Office of the Surveyor for the District of Columbia
>
> Subject to the party wall rights reserved by deed recorded in Liber 5987 at folio 51 among the Land Records of the District of Columbia

8. The Property has an estimated value of five hundred thousand dollars ($500,000.00). The Defendant resided at the Property with Ms. Woods-Flowers prior to her

death and continues to live there.

9. The Trust provides that upon her death, the Trustee is to make certain payments such as funeral expenses and taxes and then distribute the remainder of the Trust and any amounts added thereto to Plaintiff and Defendant equally. **Exhibit 1** at ¶ 5.1(E). Additionally, the Trustee is empowered to sell any property, either real or personal. *Id*. at ¶ 6.8(B).

10. In order to distribute the Trust, the Plaintiff must sell the Property. The Defendant remains in possession of the Property and refuses to vacate the premises. The Defendant was first asked to vacate the Property in September, 2016. He refused and continues to refuse. He also refuses to pay rent to the Trust for use of the Property. The Property has an estimated monthly rental of two thousand five hundred dollars ($2,500.00).

11. Further, the Defendant refuses to assist in the marketing and sale of the Property. The Defendant is actively impeding efforts to sell Property.

12. The Defendant is also causing damage to the Property. Specifically, the Defendant, who lives in the Property with his father and girlfriend, fails to undertake any repairs or maintenance. The Defendant and his co-tenants refuse to clean the Property and live in squalid conditions, which negatively impact the value of the Property.

13. Additionally, the Defendant has several animals at the Property. These animals are permitted to urinate and defecate inside the Property. The Defendants does not clean up after the animals. As a result, the Property smells horrible and cannot be marketed due to the Defendant's actions.

14. The Defendant has changed the locks at the Property and denied Plaintiff entry to the Property. The Defendant has failed to pay for any expenses associated with the Property.

The property taxes are currently overdue.

## Count I
### Ejectment

15. The Plaintiff incorporates by reference the allegations contained in ¶¶ 1 - 14, above.

16. The Plaintiff as Trustee of the Trust has the right to both possess and sell the Property. The Defendant is wrongfully exercising acts of ownership over the Property. The Defendant remains in possession of the Property and refuses to surrender the Property to Plaintiff.

17. As Trustee, the Plaintiff is entitled to immediate possession of the Property and the Court must award him possession. The Court may award possession to the Plaintiff pursuant to D.C. Code §16-1103.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order that ejects the Defendant from the Property and grants such other and further relief as justice and equity demand.

## Count II
### Possession of Property

18. The Plaintiff incorporates by reference the allegations contained in ¶¶ 1 - 17, above.

19. The Trust is the record owner of the Property as evidenced by the attached deed. Plaintiff is the Trustee of the trust as therefore, is entitled to immediate possession of the Property.

20. Ronald Flowers is in possession of the Property at this time. Flowers has no right

to possession of the Property and his possession is unlawful.

21.  Flowers has also changed the locks at the Property without the permission of the Plaintiff.

22.  The Plaintiff has demanded that Defendant surrender the Property. The Defendant has refused and continues to refuse to turn over possession of the Property to Plaintiff.

23.  The Defendant has failed to properly maintain the Property. Additionally despite being possession of the Property, the Defendant has failed to pay for any of the expenses of the Property, including property taxes owed to the District of Columbia.

24.  As a result of the Defendant's conduct, the Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, the Plaintiff demands recovery of the Property and compensatory damages, to be proven at trial, plus interest, costs and other and further relief as is just.

### Count III
### *Monetary Damages*

25.  The Plaintiff incorporates by reference the allegations contained in ¶¶ 1 - 24, above.

26.  Due to the Defendant's refusal to surrender possession of the Property, the Plaintiff and Trust have suffered damages. Specifically, they have been denied use and possession of the Property since September, 2016.

27.  Based upon the fair rental value of the Property, the Plaintiff has incurred damages of at least twenty-two thousand five hundred dollars ($22,500.00) due to Defendant's unlawful possession of the Property. The Plaintiff has likely suffered additional damages due to Defendant's failure to maintain and clean the Property.

**WHEREFORE**, the Plaintiff demands entry of judgment in the amount of at least twenty-two thousand five hundred dollars ($22,500.00), plus additional compensatory damages, to be proven at trial, plus interest, costs and other and further relief as is just.

Respectfully submitted,

\s\ Linda M. Dorney
Richard B. Rosenblatt
Linda M. Dorney
**The Law Offices of Richard B. Rosenblatt, PC**
30 Courthouse Square, Suite 302
Rockville, Maryland 20850
(301) 838-0098
rrosenblatt@rosenblattlaw.com

*Counsel for Anthony Woods, Trustee*