# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY WOODS**, <br><br> Plaintiff, <br><br> v. <br><br> **RONALD FLOWERS**, <br><br> Defendant. | Case No. 1:17-cv-01338 (TNM) |

## MEMORANDUM OPINION

Defendant Ronald Flowers has filed a Motion to Set Aside Default Judgment and a Motion for Reconsideration of Default Judgment (collectively, the "Motions"). Plaintiff Anthony Woods, Trustee of the Woods-Flowers Living Trust (the "Trust"), opposes the Motions. Opp'n. to Mot. to Set Aside Default J. Upon consideration of the Motions, the pleadings, relevant law, and the entire record herein, I find that the circumstances do not warrant vacating the judgment. Accordingly, Defendant's Motions will be DENIED.

## I.     Background

Plaintiff Anthony Woods, as Trustee, filed an action on July 6, 2017 for ejectment, possession of property, and monetary damages against Defendant Ronald Flowers, his half-brother. Compl. ¶¶ 3-4, 15-27. The property at issue is a parcel of land and house on the same in the District of Columbia, at which Mr. Flowers and Vivian Woods-Flowers, the parties' mother, lived prior to her death in December 2015. *Id.* at ¶¶ 4-5, 8. Prior to her death, Ms. Woods-Flowers established the Trust and transferred the real property, which she held in fee

simple absolute, to the Trust. *Id.* at ¶ 6; *see also id.* at Ex. 2. Upon her death, Mr. Woods became Trustee pursuant to the terms of the Trust. *Id.* at ¶ 5; *see also id.* at Ex. 1 ¶ 6.1.

The complaint alleges that Mr. Flowers continues to live at the property, and unlawfully refuses to vacate the premises and pay rent for use of the property. *Id.* at ¶¶ 8, 10. He is also allegedly causing damage to the property by failing to undertake any repairs or maintenance, and refusing to clean the property or pay for any expenses associated with the property, including property taxes, which are overdue. *Id.* at ¶¶ 12-14. Mr. Woods claims that the property needs to be sold in order to pay the property taxes. Opp'n. to Mot. to Set Aside Default J. ¶ 4.

After seven attempts to serve Mr. Flowers by process server, this Court granted a month's additional time to effect service. *See* Pl.'s Response to Rule 4(m) Order ¶ 3; Minute Order, Oct. 10, 2017. Service was effectuated on October 23, 2017, and Mr. Flowers failed to respond to the complaint by the required date. Mot. for J. by Default ¶¶ 1-2. On December 4, 2017, on request by Mr. Woods and pursuant to Federal Rules of Civil Procedure 55(a), the Clerk of Court entered a default against Mr. Flowers. Clerk's Entry of Default, Dec. 4, 2017, ECF No. 10. On December 27, 2017, I granted Mr. Woods' motion for default judgment and ordered that possession of the property at issue be awarded to the Trustee of the Woods-Flowers Living Trust, that Mr. Flowers be ejected from the property and vacate the property within 30 days of the order, and that judgment be entered in favor of Mr. Woods in the amount of $35,000 and post-judgment interest to be awarded at the legal rate. Order Granting Pl.'s Mot. for Default J., Dec. 27, 2017, ECF No. 12. Mr. Flowers' Motions seek to vacate the default and default judgment.

**II.    Legal Standard**

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other

reason that justifies relief." The motion must be made within a "reasonable" time, and for motions based on Rule 60(b)(1), "no more than a year after the entry of the judgment". Fed. R. Civ. P. 60(b)-(c). Relief for excusable neglect is "rare" and relief pursuant to Rule 60(b)(6) is "even more rare, being available only in 'extraordinary circumstances'". *Owens v. Republic of Sudan*, 864 F.3d 751, 818 (D.C. Cir. 2017). The party seeking relief has the burden of showing that he is entitled to relief. *Id.* at 819. Although this district "supports a liberal application of Rule 60(b)(1) to default judgments," the Court reviews the motion based upon "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 819-20. In addition, the movant must "assert a potentially meritorious defense." *Id.* at 819.

**III. Analysis**

The circumstances of this case, as analyzed through the aforementioned factors, do not support vacatur. Further, Mr. Flowers has not asserted a potentially meritorious defense.

With respect to the factors, Mr. Woods argues that vacatur is prejudicial because Mr. Flowers has unlawfully frustrated Mr. Woods from exercising his authority, as Trustee, to sell the property since September 2016, including changing the locks to the property and failing to perform necessary maintenance on the property. Opp'n. to Mot. to Set Aside Default J. ¶ 4. In addition, Mr. Woods contends that Mr. Flowers' failure to maintain the property has negatively impacted the value of the property and will cause a delay in its sale. *Id.*; Compl. ¶ 12-13. I find that vacating the final judgment in this case risks prejudicing Mr. Woods as the property taxes have not been paid, and further delay in the sale of the property increases the chance of a tax sale. *See* Opp'n. to Mot. to Set Aside Default J. ¶ 4. As for the other criteria to

consider, the length of the delay was fewer than two months. *See* Return of Service/Affidavit of Summons, Oct. 26, 2017, ECF No. 8 (requiring answer by November 13, 2017); Answer to Compl., ECF No. 13 (filed January 2, 2018). Mr. Flowers explains that the delay was due to his unemployment and financial inability to retain counsel. Mot. to Set Aside Default J. ¶ 1. While this amount of time may not weigh against him in other contexts, here, there are indications that Mr. Flowers did not act in good faith in this proceeding. He did not answer any of seven attempts for service over a nearly month-long period, resulting in Mr. Woods needing to incur additional costs to have a process server wait outside of the property to effectuate service. *See* Affidavit of Non-Service, Sept. 29, 2017, ECF No. 6-1; Opp'n. to Mot. to Set Aside Default J. ¶ 4. Further, although the complaint was served on October 23, 2017, Mr. Flowers did not retain counsel until more than two months later, which is more than one month after a response to the complaint was due and several weeks after the Clerk of Court entered a default against him. *See* Mot. for J. by Default ¶ 1; Mot. for Reconsideration of Default J. ¶ 2.[1] Given the risk of prejudice to Mr. Woods and the indicia of bad faith on the part of Mr. Flowers, I find that the circumstances do not warrant vacating the final judgment.

Even if circumstances did indicate that vacatur is appropriate, Mr. Flowers has not shown a potentially meritorious defense. Mr. Flowers answers that the terms of the Trust do not permit Mr. Woods, as Trustee, to sell the property but rather requires him to "distribute" the property. Answer to Compl. ¶ 3; Mot. for Reconsideration of Default J. ¶ 4a. He also responds that he has a one-half beneficial interest in the property and therefore has the right to occupy it without a

---

[1] The Motion for Reconsideration of Default Judgment appears to have a typo in the date stated for retention of legal counsel. The date stated is January 28, 2017; however, I infer that the proper date should instead have been December 28, 2017.

4

rental agreement or payment of rent. *Id.* at ¶ 4b-d; Answer to Compl. ¶ 5. Neither of these defenses are potentially meritorious.

Mr. Woods is the duly appointed Trustee. *See* Compl. Ex 1 ¶ 6.1. As Trustee, Mr. Woods is authorized to pay for, *inter alia*, "legally enforceable claims against the Grantor [Ms. Woods-Flowers] or the Grantor's estate; [] expenses with regard to the administration of the Grantor's estate; [and/or] federal estate tax, applicable state inheritance or estate taxes" out of the Trust Estate, which includes the property at question. *See* Compl. Ex. 1 ¶¶ 1.3, 5.1(C); *id.* at Ex. 2. In addition, the Trustee is permitted "[t]o sell any property, for cash or on credit, at public or private sale". *Id.* at Ex. 1 at ¶ 6.8(B). Based on these unambiguous provisions, the Trustee is authorized to sell the property in order to pay for, among other things, the overdue property taxes. Furthermore, while Mr. Flowers may have resided at the property since childhood, Mot. for Reconsideration of Default J. ¶ 4a, he did not jointly own the property with his mother, who was the sole owner of the property in fee simple absolute, and who transferred the property and its improvements to the Trust prior to her death. *See* Compl. ¶ 6; *see also id.* at Ex. 2. As such, the Trust owns the property and its improvements in its entirety. Mr. Flowers is not a co-owner of the property, nor does he have a beneficial interest in the property.[2] Neither of these arguments provides a potentially meritorious defense.

---

[2] As a beneficiary of the Trust, however, Mr. Flowers is entitled to one-half of the remainder of the Trust after the Trustee executes his administrative duties. *See* Compl. Ex. 1 Art. Five.

## IV. Conclusion

For the foregoing reasons, the Defendants' Motions will be denied and the previously-entered judgment will stand. A separate order will issue.

Dated: January 17, 2018

TREVOR N. MCFADDEN
United States District Judge